## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

STACY WHITFIELD,

     Plaintiff,

v.

HART COUNTY, GEORGIA,

     Defendant.

Civil Action File No. 3:13-cv-114

_____

### COMPLAINT: CIVIL RIGHTS

COMES NOW Plaintiff, Stacy Whitfield, by and through counsel, and hereby files this Complaint against Hart County, Georgia, alleging violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq.* and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act") and interference with and retaliation for having taken time off from work/intermittent leave to care for her child with serious health conditions as allowed under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

1

# INTRODUCTION

## 1.

This is an action for damages and injunctive relief. Through this action, Plaintiff seeks redress of unlawful actions directed toward her in her employment by the Defendant. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq.* and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act").

## 2.

Through this action, Plaintiff seeks redress for the Defendant's violations of her federal rights take time off from work intermittently to take care of her child, who has serious medical problems; for Defendant's retaliation against her for taking intermittent FMLA-qualifying leave to care for her seriously ill child; and for discriminating against her because of her association with her son who is autistic and has other disabilities.

3.

Plaintiff also seeks restitution under the laws of the United States for losses she suffered as a direct and proximate result of Defendant's unlawful acts as described herein.

## JURISDICTION AND VENUE

4.

Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 2601 *et seq.* (FMLA), 42 U.S.C.A. § 12101, *et seq.,* 29 U.S.C.A. § 704, 28 U.S.C. §§ 1331 and 1343(a) (4), and 28 U.S.C. §§ 2201 and 2202.

5.

Venue is appropriate in the Middle District of Georgia, since Defendant and Plaintiff's job are located in the Middle District of Georgia, and the alleged violations of the law occurred in this District.

## PARTIES

6.

Plaintiff is a citizen of the United States and is a resident of Hart County, Georgia, and submits herself to the jurisdiction of this Court.

7.

Defendant is a county government, receives federal funding, was Plaintiff's employer, and is subject to jurisdiction in the Middle District of Georgia.

8.

Defendant may be served by delivering process to the Hart County Board of Commissioners pursuant to Rule 4(j)(2)(B) F.R.C.P. and O.C.G.A. § 36-1-5.

## ADMINISTRATIVE PROCEEDINGS

9.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she now complains.

10.

On or after July 29, 2013, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission relating to her charge of discrimination.   This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

11.

Plaintiff was employed by Hart County, Georgia, in the Hart County Board of Tax Assessors office, as an Appraiser from March 14, 2011, though May 18, 2012, at which time she was terminated.

12.

During Plaintiff's employment, she always performed her job well and was promoted in the Fall of 2011, in apparent recognition of Plaintiff doing a good job.

13.

In early 2012, Plaintiff's son began experiencing serious health problems, and was ultimately diagnosed with severe Gastritis, Esophagitis and Acid Reflux, which caused "abdominal migraines," in addition to his autism disability.  As a result, Plaintiff was sometimes late to work or absent and sometimes had to take time off from work for doctor's appointments and other appointments related to her son's disabilities.

14.

Plaintiff's son health conditions and autism are serious health conditions as defined by the Family and Medical Leave Act and are disabilities as defined by the ADAAA.

15.

Under the FMLA, Plaintiff was entitled to take leave intermittently, such as when she had to be absent or late to work due to care for her son and his serious health conditions and also for which she had doctor's and other health provider appointments.

16.

Even though Plaintiff's work hours were generally 8:00 AM to 5:00 PM, she frequently worked late and on the weekend. Plaintiff's supervisor, Wayne Patrick, Chief Appraiser, allowed her flexibility in her work times as long as she got the job done.

17.

At no point did Plaintiff's supervisor or the Defendant seek any documentation of the reasons for Plaintiff's absences and tardiness but at all times

knew that the reason for Plaintiff's absence from work was caring for her son related to his serious health conditions and disabilities.

18.

Defendant also never told Plaintiff that she needed to complete any formal paperwork, such as an FMLA certification form, in order to avoid being terminated for her absences and tardies, and Plaintiff was unaware that there was a process for taking FMLA leave in less than a day increments or intermittently.

19.

Had Plaintiff known that Defendant intended to discipline and/or terminate her for taking FMLA qualifying leave, she could have provided documentation of the need for leave.

20.

Even though Mr. Patrick told Plaintiff that she could take the time off, he also made comments about her son's disabilities and questioning whether he really had a disability.

21.

Then, on May 18, 2012, Mr. Patrick told Plaintiff that he was going to have to let her go, but gave no reason as to why.

7

22.

Later on, Defendant asserted Plaintiff's termination was due to her tardiness, however, this was not raised with her as an issue and Plaintiff had never been disciplined for tardiness or attendance.

23.

Other employees worked a flexible schedule, including coming in late or leaving early, for a variety of reasons, and were not terminated.

24.

At all times, Defendant acted willfully and/or with reckless disregard for Plaintiff's rights under the FMLA and ADAAA.

## STATEMENT OF CLAIMS

### COUNT I
### INTERFERENCE WITH FMLA RIGHTS

25.

The Defendant interfered with Plaintiff's right to take FMLA qualifying leave, as reflected in the above Paragraphs, including but not limited to preventing Plaintiff from taking time off from work intermittently to take care of her child, who has

serious medical problems, and then by terminating her because she had taken FMLA qualifying time off from work.

26.

Defendant's interference with Plaintiff's FMLA rights violated the Family and Medical Leave Act.

27.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur other monetary losses because of her having taken FMLA qualifying leave.

28.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of interfering with her FMLA rights.

29.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the law.

30.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

31.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq.*

## COUNT II
## RETALIATION FOR TAKING FMLA QUALIFYING LEAVE

32.

The Defendant retaliated against Plaintiff for taking intermittent FMLA leave to care for her seriously ill child, as reflected in the above Paragraphs, including but not limited to preventing Plaintiff from taking time off from work intermittently to take care of her child, who has serious medical problems, and by terminating her because she had taken FMLA qualifying time off from work.

33.

Defendant's retaliatory actions violated the Family and Medical Leave Act.

34.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur other monetary losses because of her having taken FMLA qualifying time off from work.

35.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of retaliating against her for engaging in activities protected by the FMLA.

36.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

37.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

38.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq*.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA BECAUSE OF PLAINTIFF'S ASSOCIATION WITH HER SON WHO IS AUTISTIC AND HAS OTHER DISABILITIES

39.

The Defendant discriminated against Plaintiff because of her association with her son who is autistic and has other disabilities, as reflected in the above Paragraphs, including but not limited to preventing Plaintiff from taking time off from work intermittently to take care of her child, who has serious medical problems, and then by terminating her because she had taken FMLA qualifying time off from work.

40.

Defendant's actions violated the ADAAA, the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C.A. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act").

41.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur other monetary losses

12

because of Defendant's discrimination against Plaintiff for her association with her son who is autistic and has other disabilities.

42.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of discriminating against her because of her association with her son who is autistic and has other disabilities.

43.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

44.

Furthermore, Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendant's actions.

45.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

46.

Plaintiff is further entitled to compensatory damages for the violations of her civil rights under the ADAAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.    Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act");

2.    Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment act, practice or policy which violates the FMLA, the ADAAA or Rehab Act and from Defendant retaliating against any person because of their participation in this lawsuit;

3.    Order the Defendant to make whole the Plaintiff by reinstating her former position or awarding her front pay if reinstatement is not feasible, providing for her back pay, reimbursement for lost pension benefits, insurance benefits, medical expenses incurred, social security, experience, training, and other benefits and expenses in an amount to be proven at trial;

14

4.   Grant to Plaintiff liquidated damages in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts as provided by the FMLA inasmuch as Defendant has acted willfully and intentionally;

5.   Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by the Defendant's unlawful and discriminatory acts, including her pain and emotional distress;

6.   Grant to Plaintiff a jury trial on all issues so triable;

7.   Grant to Plaintiff the costs in this action and reasonable attorneys' fees as provided by law; and

8.   Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

s/Janet E. Hill
Janet E. Hill, Esq.
Georgia Bar No. 354230
HILL & ASSOCIATES, P.C.
Attorney for Plaintiff
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
(706) 353-7272
janetehill@bellsouth.net